UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:25-CV-00038-GNS

SHIRLEY TAPSCOTT                                                    PLAINTIFF


v.


NATURAL RESOURCES
CONSERVATION SERVICE, et al.                                       DEFENDANTS


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Partial Motion to Dismiss (DN 23). The motion is ripe for adjudication.

### I.    STATEMENT OF FACTS AND CLAIMS

Plaintiff Shirley Tapscott ("Tapscott") enrolled his property in the Environmental Quality Incentive Program ("EQIP")[1] facilitated by Defendant Natural Resource Conservation Service ("NRCS").[2]  (Compl. ¶¶ 9-10, DN 1; *see* Pl.'s Resp. Defs.' Mot. Dismiss Ex. 4, at 1-11, DN 24-4 [hereinafter Contract]).[3]  Tapscott and the NRCS contracted to build a stream crossing on Tapscott's property ("the Crossing"), with Tapscott implementing soil conservation practices and

---

[1] "Through EQIP, the [federal] government provides financial and technical assistance to farmers and ranchers.  In exchange, farmers and ranchers who choose to participate in EQIP implement conservation measures 'to address soil, water, air, and related natural resources concerns . . . on their lands in an environmentally beneficial and cost-effective manner.'"  *Herden v. United States*, 726 F.3d 1042, 1044 (8th Cir. 2013) (alteration in original) (quoting 7 C.F.R. § 1466.1 (2004)).
[2] NRCS is an agency of the United States Department of Agriculture.  *See Maple Drive Farms Ltd. P'ship v. Vilsack*, 781 F.3d 837, 840 (6th Cir. 2015).
[3] At the motion to dismiss stage, courts generally cannot consider matters outside the pleadings without converting the motion into one for summary judgment.  *See* Fed. R. Civ. P. 12(d).  If an exhibit is referred to in the complaint and is central to the claims, then it may be considered without converting the motion.  *See Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citations omitted).

the NRCS reimbursing him for the construction costs. (Compl. ¶¶ 9-10; Defs.' Mot. Dismiss 2-3, DN 23). NRCS employees Mary Sharp ("Sharp"), Timothy Bartee ("Bartee"), Steven Gray ("Gray"), and Matt Norfleet ("Norfleet") were involved with the approval, contracting, and planning of the construction. (Compl. ¶¶ 11-14). Without notifying Tapscott, Gray approved changes to the construction plan, which lowered the estimated quantities of materials and changed the grade of the slope. (Compl. ¶ 15). The Crossing was then completed, inspected, and certified. (Compl. ¶ 16). Tapscott was later injured while driving his tractor over the Crossing, allegedly because the Crossing was too narrow and steep. (Compl. ¶ 17).

Tapscott commenced his first action,[4] asserting breach of contract and tort claims against Sharp, Bartee, Gray, Norfleet (collectively "Named Defendants"), and three unnamed "John Doe" defendants (collectively "Unnamed Defendants")—representing the independent contractors who built the Crossing—in Casey (Kentucky) Circuit Court. *Tapscott v. United States* (*Tapscott I*), No. 1:22-CV-00146-GNS-HBB, 2023 WL 5154526, at *1 (W.D. Ky. Aug. 10, 2023). The United States removed the action to this Court and substituted itself for the Named Defendants with respect to the tort claims. *Id.* This Court granted the United States' motion to dismiss the claims against it, in part due to Tapscott's failure to exhaust his administrative appeal options. *Id.* at *2-4.

Tapscott then commenced this action, asserting breach of contract and tort claims against the NRCS, the Named Defendants, and the Unnamed Defendants. (Compl. ¶¶ 22-34). The United States substituted itself for the for the Named Defendants with respect to the tort claims. (Order Substitution 1, DN 22; *see also* Notice Substitution 3, DN 21). The United States has now moved

---

[4] The Court takes judicial notice of the previous action. *See McCoy v. Akron Police Dep't*, No. 5:21-CV-51, 2021 WL 1857119, at *1 (N.D. Ohio May 10, 2021) ("The Court takes judicial notice that Ms. Cruz filed a previous action in federal court based on the same subject matter . . . .").

for partial dismissal of Tapscott's breach of contract claims and his request for punitive damages on behalf of the NRCS and the Named Defendants.  (Defs.' Mot. Dismiss 1-2).

## II.   STANDARD OF REVIEW

Generally, threshold challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) should be decided before any ruling on the merits under Fed. R. Civ. P. 12(b)(6).  *See Bell v. Hood*, 327 U.S. 678, 682 (1946).

A defendant may challenge subject matter jurisdiction through a facial or factual attack. Facial attacks challenge the establishment of jurisdiction asserted in the complaint.  *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citation omitted).  Factual attacks contest the existence of factual prerequisites to jurisdiction.  *See id.*  In such motions, the district court is empowered to resolve the factual disputes affecting any jurisdictional prerequisites.  *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).  A plaintiff bears the burden in both these situations.  *See Bell*, 327 U.S. at 682.  In this instance, Defendants' motion "is presented as a facial attack."  (Defs.' Mot. Dismiss 6).

When considering a Rule 12(b)(6) motion, a court "must construe the complaint in the light most favorable to [the] plaintiff[] . . . ."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted).  A court must also accept all of a plaintiff's allegations as true.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are insufficient.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, this standard is satisfied when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

### III.      DISCUSSION

#### A.      Breach of Contract Claim

##### 1.      *Issue Preclusion*

Defendants argue that the doctrine of issue preclusion compels the dismissal of the breach of contract claims brought against the Named Defendants.  (Defs.' Mot. Dismiss 7-9).  Issue preclusion, or collateral estoppel, prevents parties from relitigating issues that were "actually" and "necessarily" litigated in a prior case.  *Ingram v. Regano*, No. 23-3222, 2023 WL 6634262, at *1 (6th Cir. Oct. 12, 2023) (quoting *Tarrify Props., LLC v. Cuyahoga Cnty.*, 37 F.4th 1101, 1109 (6th Cir. 2022)).  Courts generally may consider issue preclusion at the motion to dismiss stage.  *Id.* at *2.  Because the United States argues that this Court's earlier judgment precludes litigation of whether the individual defendants may be held liable for breach of contract, federal issue preclusion law applies.  *See Williams v. Mastronardi Produce-USA, Inc.*, No. 24-13195, 2025 WL 2177802, at *4 (E.D. Mich. July 31, 2025) ("The preclusive effect of a federal-court judgment is determined by federal common law."  (quoting *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008))).  For issue preclusion to apply, four elements must be met:

> (1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Heartland Materials, Inc. v. Warren Paving, Inc.*, No. 5:16-CV-00146-TBR, 2018 WL 2324075, at *9 (W.D. Ky. May 22, 2018) (quoting *Ark. Coals, Inc. v. Lawson*, 739 F.3d 309, 320-21 (6th Cir. 2014)), *aff'd*, 819 F. App'x 323 (6th Cir. 2020).

In this instance, Tapscott only disputes the first element of collateral estoppel—that the issue of whether contract claims can survive against the Named Defendants was actually litigated

4

in prior proceedings.  (Pl.'s Resp. Defs.' Mot. Dismiss 4-5, DN 24).  Tapscott argues that his claims in *Tapscott I* were dismissed because his complaint "did not contain an allegation that the Named Defendants acted outside of their authority."  (Pl.'s Resp. Defs.' Mot. Dismiss 4).  Indeed, this Court dismissed Tapscott's claims against the Named Defendants in *Tapscott I* partially because "[t]here [was] no allegation in the [c]omplaint . . . that the Named Defendants were acting outside their authority."  *Tapscott I*, 2023 WL 5154526, at *4.  Tapscott states that he has now pled that the Named Defendants "acted unilaterally (i.e. outside of their authority)" and therefore the issue has not been actually litigated.  (Pl.'s Resp. Defs.' Mot. Dismiss 4).  The problem with Tapscott's argument, however, is that he pled in both his current and *Tapscott I* complaints that the Named Defendants acted "unilaterally."  (Compl. ¶ 32; *Tapscott I* Compl. ¶ 31, DN 27-1).  The sections of the two complaints bringing breach of contract claims are virtually identical, save for differing paragraph numbers and an apparent typo.  (*Compare* Compl. ¶¶ 30-34, *with Tapscott I* Compl. ¶¶ 29-33).  Accordingly, this argument does not prevent the application of issue preclusion.

Tapscott also appears to argue that the issue was not fully litigated in *Tapscott I* because he was not able to conduct discovery.  (Pl.'s Resp. Defs.' Mot. Dismiss 5).  This argument also does not prevent the application of issue preclusion.  Relying on the Sixth Circuit's decision in *Vance By and Through Hammons v. United States*, 90 F.3d 1145 (6th Cir. 1996), Tapscott asserts that a case should not be dismissed without discovery.  (Pl.'s Resp. Defs.' Mot. Dismiss 5 (citing *Vance*, 90 F.3d at 1148)).  In *Vance*, the Sixth Circuit acknowledged that "*summary judgment* is improper if the non-movant is not afforded a sufficient opportunity for discovery."  *Vance*, 90 F.3d at 1148 (emphasis added) (citing *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994)).  Motions to dismiss, however, are generally granted before the parties have conducted discovery.  As Defendants argue, this Court has acknowledged that "orders dismissing

cases under Rule 12(b)(6) typically qualify as final judgments on the merits for preclusion purposes." *Avient Corp. v. Westlake Vinyls, Inc.*, No. 5:22-CV-051-CHB, 2024 WL 4363276, at *22 (W.D. Ky. Sep. 30, 2024) (citing 50 C.J.S. *Judgments* § 949 (May 2024 update)), *aff'd on other grounds*, 145 F.4th 662 (6th Cir. 2025). Accordingly, the issue of whether the Named Defendants can be individually liable for breach of contract was actually litigated in *Tapscott I* and issue preclusion therefore applies. The breach of contract claims against the Named Defendants will be dismissed.[5]

### 2. *Failure to Plead Subject Matter Jurisdiction*

Defendants also contend that Tapscott failed to adequately plead federal subject matter jurisdiction for his breach of contract claim. (Defs.' Mot. Dismiss 9-11). The United States has waived its sovereign immunity for non-tort—i.e., contract—claims via the Tucker Act and the Little Tucker Act. *Brott v. United States*, 858 F.3d 425, 431 (6th Cir. 2017) ("The Little Tucker Act and its companion statute, the Tucker Act, § 1491(a)(1), do not themselves creat[e] substantive rights, but are simply jurisdictional provisions that operate to waive sovereign immunity for claims premised on other sources of law." (alteration in original) (internal quotation marks omitted) (quoting *United States v. Bormes*, 568 U.S. 6, 10 (2012))). The Tucker Act vests jurisdiction over contract claims in excess of $10,000 exclusively in the Court of Federal Claims. *Id*. at 428. "The Little Tucker Act grants federal district courts concurrent jurisdiction for non-tort claims for money damages under $10,000 . . . ." *Id.* Claims for damages exceeding $10,000 must be filed in the Court of Federal Claims. *Id.* at 429 (citing *E. Enters. v. Apfel*, 524 U.S. 498, 520 (1998)).

---

[5] The Court need not consider the other elements of issue preclusion because Tapscott did not raise arguments related to those elements and they are therefore waived. *See, e.g.*, *Bryant v. Rauls*, No. 1:23-CV-00147-GNS-HBB, 2025 WL 1549090, at *2 (W.D. Ky. May 30, 2025) (citing *Keys v. Dart Container Corp.*, No. 1:08-CV-00138-JHM, 2012 WL 2681461, at *7 (W.D. Ky. July 6, 2012).

Any waiver of sovereign jurisdiction by the United States must be construed narrowly, and, as noted above, plaintiffs are responsible for establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (internal citations omitted) (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182-83 (1936))); *see Bell*, 327 U.S. at 682; *see also Goble v. Marsh*, 684 F.2d 12, 16 (D.C. Cir. 1982) ("We agree with the District Court that, so far, [plaintiff-]appellants have not succeeded in meeting *their burden* of establishing that the District Court has jurisdiction over their claims." (emphasis added)). Accordingly, district courts have required that damages be less than $10,000 or that the plaintiff waive his right to recover the amount exceeding $10,000 to retain jurisdiction. *See Smith v. Orr*, 855 F.2d 1544, 1553 (Fed. Cir. 1988) (collecting cases); *see also Waters v. Rumsfeld*, 320 F.3d 265, 270-71 (D.C. Cir. 2003).

In this instance, the key question is what form the waiver must take. "Generally[,] a plaintiff's waiver should be set forth in the initial pleadings." *Stone v. United States*, 683 F.2d 449, 454 n.8 (D.C. Cir. 1982). Tapscott has not included any waiver in his complaint, nor is it clear from the complaint that Tapscott could not recover more than $10,000. Courts may accept waivers made elsewhere, however, "if the issue of the jurisdictional amount does not arise until a subsequent stage in the proceedings." *Id.* (citations omitted). In an attempt to invoke waiver, Tapscott states in his response that his "breach of contract claim against the NRCS does not exceed $10,000." (Pl.'s Resp. Defs.' Mot. Dismiss 5).

Tapscott's assertion of waiver, however, is not in response to late-arising jurisdictional issues and cannot be given effect. For example, the court in *Wolak v. United States*, 366 F. Supp.

1106 (D. Conn. 1973) addressed the issue of waiver outside of the complaint.  The plaintiff in *Wolak* sued the United States after his ex-business partner fraudulently redeemed forged savings bonds in the plaintiff's name.  *Wolak*, 366 F. Supp. at 1109.  The plaintiff originally requested $8,000 in damages but amended his complaint to request $20,000 following his discovery of additional redemptions of forged bonds.  *Id.*  While the court acknowledged that the plaintiff's increase in his request would "ordinarily" deprive the district court of jurisdiction under the Tucker Act, it concluded that the plaintiff had waived recovery in excess of $10,000 and retained jurisdiction over his claims.  *Id.* at 1110.  Important to the court's decision was that "[t]hroughout th[e] action both parties [] treated it as a Tucker Act case, and the Government [did] not challenged th[e] [c]ourt's jurisdiction."  *Id.*  The facts of this matter, however, are different.  The jurisdictional issue arises from Tapscott's original complaint, and the United States is objecting to this Court's exercise of jurisdiction over Tapscott's contract claims.  This is not a late-arising jurisdictional issue that allows for non-conventional waiver.

In this instance, there is no reason to treat the pleading of jurisdiction any differently than jurisdictional pleading is treated generally.  *See, e.g.*, *Mich. S. R.R. Co. v. Branch & St. Joseph Cntys. Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) ("Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion."  (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990))).  When the D.C. Circuit was confronted with a deficient jurisdiction-invoking waiver under the Little Tucker Act, it emphasized that district courts should allow plaintiffs to amend their *complaints* so that they may properly plead the waiver.  *Goble*, 684 F.2d at 17 ("Congress intended to permit amendment broadly to avoid dismissal of suits on technical grounds."  (citations omitted)).  In this instance, Tapscott has not asked the Court for leave to

amend his complaint.  Rather than give effect to the waiver in Tapscott's response to Defendants' motion to dismiss, the Court will dismiss Tapscott's breach of contract claim against the NRCS. Accordingly, Defendants' motion will be granted on these grounds.

### 3.    *Failure to Exhaust Administrative Remedies*

Defendants also argue that Tapscott's breach of contract claim against the NRCS should be dismissed because he failed to exhaust his administrative remedies before brining suit.  (Defs.' Mot. Dismiss 11-12).  Because the Court lacks subject matter jurisdiction over Tapscott's breach of contract claim against the NRCS, Defendants' exhaustion arguments are moot.

### B.    <u>Punitive Damages</u>

Defendants also argue that Tapscott's claim for punitive damages must be dismissed both because the United States has not waived its sovereign immunity with respect to punitive damages and because "punitive damages are generally not available for breach of contract."  (Defs.' Mot. Dismiss 12-13).  In his complaint, Tapscott characterizes punitive damages as a separate claim or "count."   (Compl. ¶¶ 27-29).   Despite this characterization, punitive damages are not an independent cause of action and are available only as a remedy for some torts.  *See Smith v. Westlake Vinyls, Inc.*, 403 F. Supp. 3d 625, 635 (W.D. Ky. 2019) (citing *Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378 (W.D. Ky. 2012)); *Price v. AgriLogic Ins. Servs., LLC*, 37 F. Supp. 3d 885, 901 (E.D. Ky. 2014) (citing *Shibeshi v. Alice Lloyd Coll.*, No. 7:11-CV-00101-ART, 2011 WL 4970781, at *5 (E.D. Ky. Oct. 19, 2011)).  Nevertheless, "[i]t is still worth considering" whether Tapscott can recover punitive damages.  *Noe v. Kennedy*, No. 1:24-CV-00041-GNS, 2024 WL 4369886, at *6 (W.D. Ky. Oct. 1, 2024).

The Court construes Defendants' motion as requesting dismissal of Tapscott's request for punitive damages only against the United States for both his breach of contract and negligence

claims and the Named Defendants for his breach of contract claims. (Defs.' Mot. Dismiss 12-13 ("Plaintiff has alleged no set of facts or cited any provision of law that would amount to a waiver of sovereign immunity permitting an award of punitive damages against the United States. Additionally, punitive damages are generally not available for breach of contract.")). In response, Tapscott avers that he is entitled to punitive damages from the Named Defendants. (Pl.'s Resp. Defs.' Mot. Dismiss 7). In making that assertion, Tapscott does not respond to the Defendants' argument that the United States has not waived its sovereign immunity with respect to punitive damages in this matter; his request for punitive damages against the United States is therefore waived. (*See* Pl.'s Resp. Defs.' Mot. Dismiss 7 ("Punitive damages are available against the Defendants *in their individual capacity*." (emphasis added))). In addition, there are no claims remaining against the Named Defendants by which Tapscott could be awarded punitive damages. As discussed above, the breach of contract claims against the Named Defendants will be dismissed. The United States has also been substituted for the Named Defendants for Tapscott's negligence claims. (Order Substitution 1 ("the United States of America be substituted in lieu of the individually named Defendants . . . as to the state tort allegations"); *see also* Notice Substitution 3). Therefore, Tapscott has no remaining claims against the Named Defendants and cannot receive punitive damages from them. Accordingly, Defendants' request will be granted.[6]

---

[6] Tapscott also argues in his response that "punitive damage awards are available for the negligent actions of the independent contractors the NRCS used in the design and construction of the stream crossing on Mr. Tapscott's property." (Pl.'s Resp. Defs.' Mot. Dismiss 7). While unclear, this appears to be a reference to the Unnamed Defendants. (*See* Compl. ¶ 6). Because Defendants' motion does not address the availability of punitive damages from the Unnamed Defendants, this order does not preclude Tapscott from seeking punitive damages against the Unnamed Defendants, should punitive damages be available.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Partial Motion to Dismiss (DN 23) is **GRANTED**.  Plaintiff's contract claims and requests for punitive damages against the Named Defendants and the NRCS are **DISMISSED WITHOUT PREJUDICE**.

**Greg N. Stivers, Judge**
**United States District Court**
March 16, 2026

cc:    counsel of record